

FILED
CLERK, U.S. DISTRICT COURT

JAN 2 6 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

*Note change to ¶8.*

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11   PAUL DIAZ

                  Plaintiff,
12

13             vs.

14   SOUTHERN CALIFORNIA EDISON,
    PAMELA PANEK, and DOES 1-100,
15
              Defendants.
16

Case No. CV11 03982 DSF MRWx

[PROPOSED] PROTECTIVE ORDER

FAC Filed:  April 11, 2011
Trial Date:  August 14, 2012

17
18
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

[PROPOSED] PROTECTIVE ORDER

1        Based on the parties' Joint Stipulation for Protective Order, and good cause

2   having been shown, IT IS HEREBY ORDERED as follows:

3        1.      This Protective Order shall govern any designated record of

4   information produced in this action, including all designated deposition testimony,

5   all designated testimony taken at a hearing or other proceeding, interrogatory

6   answers, documents (including, without limitation, emails produced by SCE and

7   computer and electronic files), and other discovery materials (whether produced

8   informally or in response to interrogatories, requests for admissions, requests for

9   production of documents, or other formal method of discovery).

10       2.      Each party shall have the right to designate as confidential and subject

11  to this Protective Order any information, document, or portion of any documents

12  produced by it in this litigation which contains trade secrets or other confidential

13  technical, business, or financial information.  This designation shall be made by

14  stamping each page of the document containing confidential information with the

15  legend CONFIDENTIAL prior to its production or, if inadvertently produced

16  without the legend, by furnishing written notice to the receiving party that the

17  information or document shall be designated as CONFIDENTIAL under this

18  Protective Order.  With respect to all materials provided by one party for inspection

19  by another party's counsel, designation by stamping or labeling as

20  CONFIDENTIAL need not be made until copies of the materials are requested after

21  inspection and selection by counsel.  Making documents and things available for

22  inspection shall not constitute a waiver of any claim of confidentiality, and all

23  materials provided for inspection shall be treated as though designated as

24  CONFIDENTIAL at the time of the inspection.

25       3.      Each party and all persons bound by the terms of this Protective Order

26  shall use any information or document designated as CONFIDENTIAL only for the

27  purpose of prosecution or defense of this action.  No such party or other person

28  shall use any information designated as CONFIDENTIAL for any purpose other

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22909492.2

2                    [PROPOSED] PROTECTIVE ORDER

1  than the prosecution, defense, or settlement of this action. The attorneys of record
2  for the parties shall exercise reasonable care to insure that the information and
3  documents governed by this Protective Order are (i) used only for the purposes
4  specified herein, and (ii) disclosed only to persons to whom disclosure of such
5  information and documents is authorized by this Protective Order.

6      4.      Except as otherwise provided by written stipulation of the parties or by
7  further order of the Court, documents or information designated CONFIDENTIAL
8  may be disclosed only to counsel of record and their secretarial and legal assistants,
9  and, on a need-to-know basis only and subject to Paragraph 5 of this Protective
10  Order, to the parties, to employees of the parties, to witnesses, and to consultants
11  and experts retained by the parties or their attorneys for purposes of this litigation
12  (including, without limitation, persons engaged in the scanning, copying, and/or
13  coding of such information or documents).

14      5.      With the exception of the Court, which is not bound by the terms of
15  this Order, in no event shall any information or documents designated as
16  CONFIDENTIAL be disclosed to any person other than the parties' counsel and
17  their secretarial and legal assistants pursuant to Paragraph 4 of this Protective Order
18  until such person has executed a written confidentiality agreement acknowledging
19  and agreeing to be bound by the terms of this Protective Order, and consenting to
20  be subject to the personal jurisdiction of the United States District Court for the
21  Central District of California for any proceeding relating to enforcement of this
22  Protective Order, in the form set forth in Exhibit A hereto.

23      6.      Documents and information designated CONFIDENTIAL shall
24  include (a) all copies, extracts, and complete or partial summaries prepared from
25  such documents or information; (b) portions of deposition transcripts and exhibits
26  that contain or reflect the content of any such documents, copies, extracts, or
27  summaries; (c) portions of briefs, memoranda, or any other writing filed with the
28  Court and exhibits that contain or reflect the content of any such documents, copies,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

3

[PROPOSED] PROTECTIVE ORDER

DB2/ 22909492.2

1  extracts, or summaries; (d) deposition testimony designated in accordance with

2  Paragraph 7; and (e) testimony taken at a hearing or other proceeding that is

3  designated in accordance with Paragraph 8.

4       7.    Deposition transcripts, or portions thereof, may be designated as

5  CONFIDENTIAL subject to this Protective Order either (1) before or immediately

6  after the testimony is recorded, in which case the transcript of the designated

7  testimony shall be bound in a separate volume conspicuously labeled

8  CONFIDENTIAL by the reporter, as appropriate, or (2) by written notice to the

9  reporter and all counsel of record, given within ten (10) days after the transcript is

10  received by the witness or his counsel or by any party or its counsel, in which case

11  all counsel receiving such notice shall be responsible for marking the copies of the

12  designated transcript in their possession or under their control as directed by the

13  designating party.  The designating party shall have the right to exclude the

14  following persons from a deposition before taking of testimony which the

15  designating party designates as CONFIDENTIAL subject to this Protective Order:

16  all persons except the court reporter, counsel of record, the deponent, the parties (or

17  the designated representative of a party), and any consultant or expert retained for

18  purposes of this litigation.

19       8.    With respect to testimony elicited during hearings and other court

20  proceedings, whenever counsel for any party deems that any question or line of

21  questioning calls for the disclosure of information designated as CONFIDENTIAL,

22  counsel shall inform the Court to determine the manner by which to proceed.

23

24       9.    Notwithstanding any other provisions of this Order, nothing shall

25  prohibit counsel for a party from disclosing a document, whether designated as

26  CONFIDENTIAL, to any employee, officer, or director of the party who produced

27  the document or information so designated.

28       10.   If a receiving party learns that, by inadvertence or otherwise, it has

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22909492.2

4

[PROPOSED] PROTECTIVE ORDER

1    disclosed protected material to any person or in any circumstance not authorized
2    under this Protective Order, the receiving party must immediately (a) notify in
3    writing the designating party of the unauthorized disclosures, (b) use its best efforts
4    to retrieve all copies of the protected material, and (c) inform the person or persons
5    to whom unauthorized disclosures were made of all the terms of this Protective
6    Order.

7        11.    Any information or documents designated as CONFIDENTIAL, if
8    filed or lodged with the Court, shall be filed in accordance with Central District of
9    California Civil Local Rules 79-5.1 through 79-5.4. The party filing or lodging any
10   pleading or paper which contains any information or document subject to this
11   Protective Order shall comply with Central District of California Civil Local Rule
12   79-5 et seq.

13       12.    Any party may mark any documents or information designated as
14   CONFIDENTIAL as an exhibit to a deposition, hearing, or other proceeding and
15   examine any witness thereon, provided (i) the witness previously has executed a
16   written confidentiality agreement in the form of Exhibit A hereto, (ii) the exhibit
17   and related transcript pages receive the same type of confidentiality designation as
18   the original document, and (iii) there is reason to believe this witness has
19   knowledge or information to which such designated material is relevant.

20       13.    No party is precluded from applying to the Court for an Order
21   permitting the disclosure or use of information or documents otherwise covered by
22   this Protective Order, or from applying for an Order modifying this Protective
23   Order in any respect. No party shall be obligated to challenge the propriety of any
24   confidentiality designation (whether CONFIDENTIAL) and failure to do so shall
25   not preclude a subsequent attack on the propriety of such designation.

26       14.    With respect to any motions challenging a CONFIDENTIAL
27   designation by either party, a party that elects to initiate a challenge to a designating
28   party's confidentiality designation must do so in good faith and must begin the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

5                    [PROPOSED] PROTECTIVE ORDER

DB2/ 22909492.2

1  process by conferring directly by phone or in person with counsel for the

2  designating party pursuant to the procedures in Local Rule 37-1. In conferring, the

3  challenging party must explain the basis for its belief that the CONFIDENTIAL

4  designation was not proper and must give the designating party an opportunity to

5  review the designated material, to reconsider the circumstances, and, if no change

6  in designation is offered, to explain the basis for the chosen designation. A

7  challenging Party may proceed to the next stage of the challenge process only if it

8  has engaged in this meet and confer process first and has fully complied with the

9  procedures set forth in Local Rule 37-1. If the parties are unable to resolve their

10  dispute, either party may move the Court for an order approving or removing the

11  CONFIDENTIAL designation pursuant to Local Rule 37-2. The non-moving party

12  may oppose such motion. Until the Court rules on the motion, all parties shall

13  continue to afford the material in question the level of protection to which it is

14  entitled under the producing party's designation.

15       15.    Upon final termination of this action, including all appellate

16  proceedings, unless otherwise requested in writing by an attorney of record for the

17  designating party to return material designated as CONFIDENTIAL to the party

18  from whom the designated material was obtained, each party shall destroy all

19  material designated as CONFIDENTIAL, including all copies, extracts, and

20  summaries thereof. Proof of such destruction, in the form of a declaration under

21  oath by a person with personal knowledge of the destruction, will be supplied by

22  each party to all counsel of record.

23       16.    No part of the restrictions imposed by this Protective Order may be

24  terminated, except by the written stipulation executed by counsel of record for each

25  designating party, or by an order of this Court for good cause shown. The

26  termination of this action shall not terminate this Protective Order.

27       17.    This Protective Order may be amended and exceptions may be made

28  only by written stipulation of the parties or by order of the Court for good cause

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22909492.2

6

[PROPOSED] PROTECTIVE ORDER

1   shown on noticed motion.  Nothing in this Protective Order abridges the right of

2   any person to seek its modification by the Court in the future.

3        18.     By stipulating to the entry of this Protective Order, no party waives

4   any right it otherwise would have to object to disclosing or producing any

5   information or item on any ground not addressed in this Protective Order.

6   Similarly, no party waives any right to object on any ground to use in evidence of

7   any of the material covered by this Protective Order.

8        IT IS SO ORDERED.

9

10  Date: Jan. 26, 2012                    _____

11                                         HON. MICHAEL R. WILNER

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22909492.2

7

[PROPOSED] PROTECTIVE ORDER

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11   PAUL DIAZ

12                        Plaintiff,

13         vs.

14   SOUTHERN CALIFORNIA EDISON,
     PAMELA PANEK, and DOES 1-100,

15                        Defendants.

16

Case No. CV11 03982 DSF MRWx

**EXHIBIT A TO PROTECTIVE ORDER:**

**ACKNOWLEDGEMENT OF RECEIPT OF STIPULATED PROTECTIVE ORDER AND CERTIFICATE OF COMPLIANCE**

FAC Filed:   April 11, 2011
Trial Date:   August 14, 2012

17
18
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22909492.2

8

[PROPOSED] PROTECTIVE ORDER

1      I certify that I have received and carefully read a copy of the Stipulation to

2  Entry of Protective Order, and Order thereon, in the above-captioned case and that I

3  fully understand the terms of the Court's Order.  I recognize that I am bound by the

4  terms of this Order, and I agree to comply with those terms.  I hereby consent to the

5  personal jurisdiction of the United States District Court for the Central District of

6  California for any proceedings involving the enforcement of that Order.

7      I declare under penalty of perjury pursuant to the laws of the United States

8  and California that the foregoing is true and correct.  Executed this _____ day of

9  _____, 2012, at _____, _____.

11     Name:         _____

12     Affiliation:     _____

13     Business Address:  _____

14     Home Address:    _____

15     Signature:      _____

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22909492.2                         [PROPOSED] PROTECTIVE ORDER